# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| MINA SHEKEY,<br><br>         Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC,<br><br>         Defendant. | Case No. |

## COMPLAINT

NOW COMES Plaintiff, MINA SHEKEY ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendant TRANS UNION, LLC. ("TRANS UNION").

### Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### Parties

2. Plaintiff is a natural person at all times relevant residing in Polk County, in the City of Lakeland, in the State of Florida.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant TRANS UNION is a corporation conducting business in the State of Florida and is headquartered in Chicago, Illinois.

5. Defendant TRANS UNION is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

6. Defendant TRANS UNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant TRANS UNION furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant TRANS UNION is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

9. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

10. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein

claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Factual Allegations

12. Plaintiff is a consumer who is the victim of inaccurate reporting by TRANS UNION, and has suffered particularized and concrete harm in the form of loss of credit, defamation, and loss of reputation.

13. CRAs, including TRANS UNION have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

14. On or about January 25, 2024, Plaintiff and FIRST PREMIER BANK settled an account ending in 1795 ("Account") for five hundred three dollars and five cents ($503.05).

15. Plaintiff made a single payment of five hundred three dollars and five cents ($503.05) on or about February 9, 2024 pursuant to the agreement and satisfied the settlement terms.

### Facts Relevant to TRANS UNION

16. On May 20, 2024, Plaintiff received a copy of her credit report from TRANS UNION.

17. To her surprise, despite Plaintiff's performance under the terms of the agreement, Defendant TRANS UNION reported incorrect information regarding the Account.

18. Specifically, TRANS UNION reported the Account as "Charged Off." This status was inaccurate because both Plaintiff and CAPITAL ONE agreed to a payment plan to satisfy the outstanding debt and Plaintiff had met every obligation under the agreement.

19. Further, TRANS UNION failed to report any the payment Plaintiff had made under the terms of the agreement.

20. Additionally, TRANS UNION reported the Account with an incorrect status of "Charged Off" and with a balance being owed of five hundred three dollars ($503.00).

21. TRANS UNION's failure to report the Account correctly and failure to report the agreement between Plaintiff and FIRST PREMIER BANK and failure to report the payment Plaintiff made during the course of the agreement harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

22. On May 20, 2024, Plaintiff issued a dispute to TRANS UNION regarding the incorrect information being reported on the Account.

23. Specifically, Plaintiff disputed the incorrect entry in her credit report that the Account was in a "Charged Off" status and that any balance was owed on the Account.

24. Further, Plaintiff included proof of the settlement and payments made to CAPITAL ONE with her dispute letter.

25. Her dispute letter was delivered on or about May 24, 2024.

26. However, despite having received the letter and accompanying proof of payment, TRANS UNION continued to report the Account as having a current status of "Charge Off" and a balance owed of $503.00.

27. This status is inaccurate and, at the least, misleading as FIRST PREMIER BANK has received all payments pursuant to the settlement agreement and could not consider the status as being "Charge[d] Off."

## COUNT I – TRANS UNION
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

28. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

29. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

30. TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANS UNION published and maintained concerning Plaintiff.

31. As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

32. TRANS UNION's conduct, action, and inaction was willful, rendering Defendant TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

33. In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

34. Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – TRANS UNION
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

35. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

36. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

37. Defendant TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

38. As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

39. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

40. In the alternative, Defendant TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

41. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANS UNION pursuant to 15 U.S.C. §1681n and/or §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

        Respectfully submitted,

Dated: 1/21/2025    By: */s/ Jason S. Weiss*
            Jason S. Weiss
            Florida Bar No. 0356890
            **WEISS LAW GROUP, P.A.**
            5531 N. University Drive, Suite 103
            Tel: (954) 573-2800
            E: Jason@jswlawyer.com
            Attorneys for Plaintiff,
            MINA SHEKEY